# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *Ascher et al. v. Maruyasu Industries Co., Ltd., et al.* | 2:16-cv-12949 |
| *Landers Auto Group No. 1, Inc. et al. v. Maruyasu Industries Co., Ltd., et al.* | 2:16-cv-13424 |
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | 12-md-02311<br>Hon. Marianne O. Battani |
| IN RE: AUTOMOTIVE STEEL TUBES | |
| THIS RELATES TO:<br><br>END-PAYOR ACTION<br>AUTOMOBILE DEALER ACTION | 2:16-cv-04003<br>2:16-cv-04002 |

**CURTIS-MARUYASU AMERICA, INC.'S
OBJECTION TO COORDINATION AND CONSOLIDATION WITH
<u>IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION MDL</u>**

## TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................... 1

II. ARGUMENT ......................................................................................................... 2

    A.  Coordination and Consolidation with the *Automotive Parts* MDL Would Defeat the Primary Objective of Efficiency and Is Premature ................................................. 2

    B.  Coordination Would Prejudice CMA's Right to Discovery ....................................... 7

III. CONCLUSION ...................................................................................................... 9

## **TABLE OF AUTHORITIES**

Page(s)

### CASES

*In re Abbott Labs., Inc., Similac Prods. Liab. Litig.*,
    763 F. Supp. 2d 1376 (J.P.M.L. 2011)...............................................................................4

*In re Ambulatory Pain Pump-Chondrolysis Prods. Liab. Litig.*,
    709 F. Supp. 2d 1375 (J.P.M.L. 2010)...............................................................................2

*In re American-Manufactured Drywall Prods. Liab. Litig.*,
    716 F. Supp. 2d 1367 (J.P.M.L. 2010)...............................................................................4

*In re LVNV Funding, LLC*,
    96 F. Supp. 3d 1374 (J.P.M.L. 2015).............................................................................5, 6

*In re Oxycontin Prods. Liab. Litig.*,
    395 F. Supp. 2d 1358 (J.P.M.L. 2005)...............................................................................3

*In re Reglan/Metoclopramide Prods. Liab. Litig.*,
    622 F. Supp. 2d 1380 (J.P.M.L. 2009).......................................................................3, 5, 6

*In re San Juan Dupont Plaza Hotel Fire Litig.*,
    No. MDL 721, 1989 WL 168401 (D.P.R. Dec. 2, 1988)...................................................8

*In re Teamster Car Hauler Prods. Liab. Litig.*,
    856 F. Supp. 2d 1343 (J.P.M.L. 2012).......................................................................4, 5, 6

### STATUTES AND FEDERAL RULES OF CIVIL PROCEDURE

28 U.S.C. § 1407..............................................................................................................1, 2, 4, 5
Fed. R. Civ. P. 53(b) .........................................................................................................................8

### OTHER SOURCES

David F. Herr, Manual for Complex Litigation (Fourth) § 11.453 (2016)................................8

I.  **INTRODUCTION**

Over five years ago, plaintiffs began filing the class action complaints that would shortly thereafter become the *In re Automotive Parts* MDL. *See* No. 11-cv-14399, ECF No. 1. For more than four years, this Court has coordinated and managed these predecessor actions as part of the ongoing MDL, and the Court has issued dozens of case management and discovery orders to govern the proceedings as they have progressed well into discovery. The MDL master docket alone has grown to over 1,500 entries, the Court has held seventeen status conferences, and more than 100 depositions have already taken place. *See* 12-md-2311, ECF No. 1021 (June 30, 2015).

On August 12, 2016, End-Payor Plaintiffs ("EPPs") filed *Ascher et al. v. Maruyasu Industries Co., Ltd., et al.*, No. 2:16-cv-12949. On September 21, 2016, the Auto Dealer Plaintiffs ("ADPs") filed *Landers Auto Group No. 1, Inc. et al. v. Maruyasu Industries Co., Ltd., et al.*, No. 2:16-cv-13424. Curtis-Maruyasu America, Inc. ("CMA") is a named Defendant in these actions (the "Steel Tubes cases"). The same EPPs and ADPs (together, "Plaintiffs") bringing the Steel Tubes cases have sued dozens, if not hundreds, of other companies involved in the manufacture and supply of various *other* automotive parts. CMA, however, has not been a party to any of the previous cases brought by these Plaintiffs and has not participated in any aspects of the MDL. CMA is a Defendant only in the Steel Tubes cases. Moreover, there are no overlapping factual allegations between the Steel Tubes cases and the MDL. Thus, joining the newly filed Steel Tubes cases with an MDL that is already well into discovery is inconsistent with the goals of the MDL statute, 28 U.S.C. § 1407. For that reason, pursuant to the Court's Electronic Case Management Protocol Order, No. 12-md-2311, ECF No. 1448, CMA hereby objects to coordination of the present actions to the ongoing *In re Automotive Parts* MDL

because such coordination would defeat the primary objective of efficiency and would severely prejudice CMA in its ability to seek the necessary discovery to support its defenses.[1]

## II. ARGUMENT

### A. Coordination and Consolidation with the Automotive Parts MDL Would Defeat the Primary Objective of Efficiency and Is Premature

The overarching goal of consolidation or coordination is efficiency. *See* 28 U.S.C. § 1407 (requiring a "determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions"). Coordination here is inconsistent with this objective for three reasons: (1) the unique nature of the Steel Tubes cases, the absence of overlapping parties, and the absence of common factual issues weigh heavily against coordination; (2) coordinating newly filed actions with an MDL that has already progressed far into discovery creates inefficiencies, rather than promoting "efficient conduct"; and (3) due to the recency of the Steel Tubes cases, coordination is premature.

First, the Steel Tubes cases are procedurally and factually unique from the cases within the MDL. To begin with, CMA is not a defendant in any of the *In re Automotive Parts* cases. The JPML has found that consolidation, a separate but closely related issue to coordination, is inappropriate when a party is only a defendant in some of many actions. *See In re Ambulatory*

---

[1] CMA has timely filed its objection to coordination and consolidation of these actions. On November 2, 2016, CMA and the Plaintiffs entered into a Stipulation agreeing to accept service of the actions and CMA has filed its objection within 21 days of such service. *See* Stipulation dated November 2, 2016 (filed with the Court). Additionally, CMA's objection has been timely filed within 21 days of the Court's November 15, 2016 designation of the ADP case as part of the 12-md-2311 structure. *See* Electronic Case Management Protocol Order, No. 12-md-2311, ECF No. 1448 (Aug. 8, 2016) ("After the Court reassigns any new or existing cases within the structure of 12-md-02311, parties shall have twenty-one days to file an objection to the Court's Designation.").

*Pain Pump-Chondrolysis Prods. Liab. Litig.*, 709 F. Supp. 2d 1375, 1377 (J.P.M.L. 2010) (rejecting consolidation when "[m]ost, if not all, defendants are named in only a minority of actions; and several defendants are named in but a handful of actions"); *In re Reglan/Metoclopramide Prods. Liab. Litig.*, 622 F. Supp. 2d 1380, 1381 (J.P.M.L. 2009) ("[T]here is no single common defendant, and some entities . . . are named in only one or two actions."). Moreover, there is no overlap of Defendants in the Steel Tubes cases with current defendants in the *In re Automotive Parts* MDL, which consists of at least 39 product-specific cases, with more than 60 defendant families. The only other Defendant currently named in the Steel Tubes cases — CMA's foreign parent company, Maruyasu Industries Co., Ltd. — has been named in the MDL action *In re Fuel Injection Systems*, but was voluntarily dismissed by the ADPs and EPPs prior to ever filing a motion to dismiss or participating in any discovery.[2] *See* Notice of Voluntary Dismissal, No. 13-cv-02203, ECF No. 144 (Oct. 12, 2015) (dismissing Maruyasu Industries Co., Ltd. from Fuel Injection Systems matter); Notice of Voluntary Dismissal, No. 13-cv-02202, ECF No. 199 (Sept. 2, 2016) (same). Additionally, Plaintiffs have informed CMA and the Court that they intend to file Amended Complaints adding Usui Kokusai Sangyo Kaisha, Ltd. ("Usui") as a Defendant. *See* Stipulation dated November 14, 2016 (filed with the Court). Usui, like CMA, has not been named as a defendant in any of the 39 *In re Automotive Parts* MDL proceedings.

Not surprisingly given the lack of overlap with other defendants, there are no overlapping facts in the Complaints that would warrant consolidation. *See In re Oxycontin Prods. Liab. Litig.*, 395 F. Supp. 2d 1358, 1358 (J.P.M.L. 2005) (denying transfer because "[m]ovants have

---

[2] Maruyasu Industries Co., Ltd. remains a named defendant in the Direct Purchaser Plaintiff ("DPP") case No. 13-cv-02201, but to date has not been served in that action.

failed to demonstrate that any common questions of fact and law are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer in this docket"). Plaintiffs do not allege anticompetitive conduct between steel-tubes makers and makers of different automotive parts. They do not allege any relationship or connection between the steel-tubes Defendants and the defendants in the other component cases within the MDL. Plaintiffs' complaints are devoid of any overlapping facts, save the unnecessary repetition of press releases and guilty pleas involving parts other than steel tubes. Given this lack of any alleged overlap with the other cases in the *In re Automotive Parts* MDL, there are significant individualized questions of fact that "overshadow," "predominate over," and "outweigh" the common ones. *See, e.g.*, *In re Abbott Labs., Inc., Similac Prods. Liab. Litig.*, 763 F. Supp. 2d 1376, 1376–77 (J.P.M.L. 2011) (declining consolidation when plaintiffs purchased separate products); *In re American-Manufactured Drywall Prods. Liab. Litig.*, 716 F. Supp. 2d 1367, 1368 (J.P.M.L. 2010) (declining consolidation when the "proponents of centralization have not convinced us that any efficiencies from centralization would outweigh the multiple individualized issues, including ones of liability and causation, that these actions appear to present"). As for potentially overlapping legal issues, the Court has already recognized that any common legal issues can be addressed without consolidation of each case within the MDL, and the same reasoning applies to cases outside the MDL. *See* Opinion and Order Denying End-Payor Plaintiffs' Motion to Consolidate Claims and Amend Complaints and Auto Dealer Plaintiffs' Motion to Consolidate Claims and Amend Complaints, 2:12-cv-00402, ECF No. 192 (Apr. 13, 2016). Moreover, "Section 1407 does not, as a general rule, empower the [JPML] to transfer cases involving only common legal issues." *In re Teamster Car Hauler Prods. Liab. Litig.*, 856 F. Supp. 2d 1343 (J.P.M.L. 2012). The absence of overlapping parties and factual allegations weigh heavily

against coordination here.

Second, the Steel Tubes cases and the MDL are in vastly different stages of litigation, which militates against coordination. The MDL is well into discovery, depositions of class representatives (the very Plaintiffs here) have already taken place, documents have been produced, and written discovery has been served. The JPML has repeatedly recognized that coordination is less appropriate when the procedural postures of the potentially coordinated cases are at widely varying stages. *See, e.g.*, *In re LVNV Funding, LLC*, 96 F. Supp. 3d 1374, 1376 (J.P.M.L. 2015) (refusing to consolidate newly filed actions with ongoing cases because "[c]entralization of such procedurally disparate actions does not serve the purposes of Section 1407"); *In re Teamster Car Hauler Prods. Liab. Litig.*, 856 F. Supp. 2d at 1343 (holding that "centralization is not warranted here, as some of the actions have been pending in state or federal court for several years"); *In re Reglan/Metoclopramide Prods. Liab. Litig.*, 622 F. Supp. 2d at 1381 (rejecting centralization when "several of the actions appear to be substantially advanced" because they had been filed two or three years prior). Given the very early stages of this matter, coordination with the ongoing MDL would not promote the goal of efficiency required by § 1407.

Third, the status of and circumstances surrounding the Steel Tubes cases also demonstrate that consolidation and coordination in the MDL at this time is not appropriate. Discovery in these actions is unlikely to begin for some time. The Plaintiffs have advised that they will be filing an Amended Complaint by December 9, 2016 in order to add Usui as a Defendant. *See* Stipulation dated November 14, 2016 (filed with the Court). The parties have stipulated that CMA will not move to dismiss or otherwise Answer that Amended Complaint until 45 days after all Defendants have been served. *Id.* At this time, Usui, a

Japanese company, has not even been named as a Defendant (or served). It is unclear when all Defendants will be served or when the Motions to Dismiss would be briefed. Resolution of these threshold issues means that the existing MDL cases will be even further advanced by the time meaningful progress can be made in the Steel Tubes cases.

In addition, CMA is currently contesting criminal charges, which would likely stay discovery in the civil proceedings. *See United States v. Maruyasu Industries Co., Ltd.*, No. 16-cr-00064 (S.D. Ohio).[3] This Court has deferred to pending DOJ criminal investigations and temporarily suspended discovery in related civil actions. *See* Stipulated Order Regarding Motion to Intervene and for a Temporary and Limited Stay of Certain Discovery in Cases by the United States of America, 12-md-2311, ECF No. 664 (Dec. 23, 2013) (staying discovery in "all cases subsequently filed in or consolidated into MDL 2311" until the Department of Justice consents).

Coordinating and consolidating now, while the contours of the Steel Tubes cases are still in flux, risks unforeseeable difficulties and delays and potentially additional challenges to coordination and consolidation. (To avoid the waste of judicial resources potentially caused by such repetitive challenges, counsel for CMA conferred with counsel for Plaintiffs on November 21-22, 2016, but the Plaintiffs were unwilling to delay briefing on CMA's objection even though they intend to file amended complaints naming new parties.) The inevitable variance in the procedural postures and timing of the Steel Tubes cases given the criminal matter, as well as the pending amendment and need to serve new Defendants, make coordination with the MDL inappropriate here. *See, e.g.*, *In re LVNV Funding, LLC*, 96 F. Supp. 3d at 1376; *In re Teamster Car Hauler Prods. Liab. Litig.*, 856 F. Supp. 2d at 1343; *In re Reglan/Metoclopramide Prods.*

---

[3] Named Defendant Maruyasu, which has not yet been served in the Steel Tubes civil proceedings, is also a named defendant in the criminal proceedings.

*Liab. Litig.*, 622 F. Supp. 2d at 1381.

### B. Coordination Would Prejudice CMA's Right to Discovery

If the Steel Tubes cases are coordinated with the *Automotive Parts* MDL, CMA would be prejudiced by the numerous MDL orders that limit its right to discovery. On June 30, 2015 — more than a year before CMA was served with a complaint in this action — the Court entered the EPP and ADP Deposition Protocol Order ("Deposition Protocol Order"), which details the parameters for deposing the EPP and ADP class representatives. *See* End Payor Plaintiff and Auto Dealer Plaintiff Deposition Protocol Order at 3-10, 12-md-2311, ECF No. 1021 (June 30, 2015). This Deposition Protocol Order governs not only the cases currently in the MDL, but also applies on its terms to any future cases that might be coordinated with the MDL, like the Steel Tubes cases. *Id.* at 1-2 (applying deposition limits "in all cases, currently or in the future, consolidated or coordinated into" the auto parts MDL). Unlike the Court's numerous Electronic Case Management Protocol Orders, the Deposition Protocol Order does not provide a specific means for new parties to object to its application. *See, e.g.*, Electronic Case Management Protocol Order at 19-20, 12-md-2311, ECF No. 1448 (Aug. 8, 2016) ("This Order is without prejudice as to the rights of any party to challenge any revision of this protocol involving additional parts or designations."). By the time Plaintiffs filed suit against CMA, more than 80 class-representative depositions had already taken place. CMA had no meaningful opportunity to participate in these depositions and obtain relevant testimony specific to Plaintiffs' steel-tubes claims. And given the language in the Court's order, CMA would be prohibited from ever getting such testimony from the class representatives who have already been deposed, seriously prejudicing CMA's ability to prepare its defenses and evaluate the merits of a future challenge to

class certification.

Furthermore, given the lack of overlap between Defendants in the Steel Tubes cases and the MDL, no defendants participating in the completed depositions adequately represented CMA's interests. At the time the Plaintiffs' depositions took place, none of the defendants were at all concerned with the steel tubes industry. Those defendants had no interest in developing a record that would be useful in determining the appropriateness of certification of a steel-tubes class. CMA's inability to develop its defenses should preclude coordination.[4]

The application of other MDL orders to future actions is more ambiguous. For example, ECF No. 1294, an order on discovery from non-party OEMs, states that it applies to certain specified cases within the MDL but also to other cases "without limitation." *See* Special Master's Order Regarding the Parties' Motion to Compel Discovery from Non-Party OEMs and Ordering Non-Party OEM Rule 30(b)(6) Depositions at 3, 12-md-2311, ECF No. 1294 (Apr. 20, 2016) (defining "Auto Parts Cases"). The "without limitation" disclaimer muddies the ruling's scope. Further, this particular order was issued by a Special Master, whose appointment CMA never had an opportunity to address, as required under Rule 53(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 53(b); *see also* Order Appointing a Master at 1, 12-md-2311, ECF No. 792 (Aug. 29, 2014) (stating that the Master's appointment applies to future cases that become part of the MDL, but not providing a means for future parties to object). Many of the

---

[4] If the Court chooses to order coordination of the Steel Tubes cases in the MDL, CMA will seek leave to resume earlier depositions and ask additional questions pertinent to the new parties' particular cases. *See* David F. Herr, Manual for Complex Litigation (Fourth) § 11.453 (2016) (suggesting that judges could permit "resumption of earlier depositions [for] questioning relevant to the new parties"). At least one other MDL court has provided for such a procedure. *See In re San Juan Dupont Plaza Hotel Litig.*, No. MDL 721, 1989 WL 168401, at *41 (D.P.R. Dec. 2, 1988) (permitting later-added defendants to request leave to conduct supplemental depositions).

other discovery orders do not contain language limiting their application to particular *In re Automotive Parts* cases. *See, e.g.*, Special Master's Order Regarding Direct Purchaser Plaintiffs' Motion to Limit Uniform Subpoena to OEMs, 12-md-2311, ECF No. 992 (June 4, 2014) (overruling an objection to the Uniform Subpoena to OEMs in "all cases" and "all actions," but not mentioning the Uniform Subpoena's applicability to future actions). While the precise extent of the discovery limitations is unclear, it is apparent that CMA's hands will be tied with respect to its ability to develop a full record on issues particular to the steel-tubes industry. Nothing in the JPML rules or the Local Rules of Civil Procedure authorizes such limits on CMA's rights to pursue discovery from the class representatives or third parties, and these limitations alone should preclude coordination.

### III.   CONCLUSION

For the foregoing reasons, the Court should decline to consolidate and coordinate case nos. 2:16-cv-12949 and 2:16-cv-13424 with the *In re Automotive Parts* MDL.

Respectfully submitted,

**WHITE & CASE** LLP

Dated:   November 23, 2016

By:  */s/ Eileen M. Cole*
     Eileen M. Cole

Eileen M. Cole
Email: ecole@whitecase.com
Samuel J. Sharp
Email: samuel.sharp@whitecase.com
**WHITE & CASE** LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

CURTIS-MARUYASU AMERICA, INC.'S OBJECTION TO COORDINATION AND CONSOLIDATION
WITH IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION MDL
9

> John H. Chung
> Email: jchung@whitecase.com
> **WHITE & CASE**LLP
> 1155 Avenue of the Americas
> New York, NY 10036
> Telephone: (212) 219-8200
> Facsimile: (212) 354-8113
>
> *Attorneys for Curtis-Maruyasu America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2016, I caused the foregoing Curtis-Maruyasu America, Inc.'s Objection to Coordination and Consolidation with MDL to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to all counsel of record.

*/s/ Eileen M. Cole*
Eileen M. Cole
